UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS DALITZ, et al., | No. 2:12-cv-2218-TLN-CKD |
| Plaintiffs, | |
| v. | ORDER |
| AMSURG CORP., et al., | |
| Defendants. | |

Defendants' motion for protective order, ECF No. 55, came on regularly for hearing on September 9, 2015. Gary Callahan and Tatiana Filippova appeared for plaintiffs. Brian Roark and Robert Swanson appeared for defendants. Upon review of the documents in support, no opposition having been filed, upon hearing the arguments of counsel, upon review of the joint statement regarding discovery disagreement, and good cause appearing therefor, THE COURT ORDERS that defendants' motion for protective order is granted in part, and defendants' proposed protective order attached as Exhibit A to the parties' joint statement, ECF No. 59-1 at 1-12, is approved to the extent discussed below.

To the extent defendants' proposed order covers documents or information containing "protected health information," as defined in the proposed order, or other healthcare records or information, defendants provide good cause for the issuance of an order protecting such information under the terms and conditions set forth in their proposed order. However,

1

defendants' motion fails to satisfy the "good cause" requirement for the issuance of protective order pursuant to Federal Rule of Civil Procedure 26(c) with respect to any of the other information they seek to protect under their proposed order. Accordingly, the court denies defendants' motion insofar as it seeks a protective order for any documents or information other that defined as "protected health information" under the terms of defendants' proposed protective order, or other healthcare records or information. If defendants desire to obtain a protective order for additional categories of documents, they shall either file a motion for such an order demonstrating that good cause exists with regard to each category of documents or information they seek to protect as "confidential" along with a proposed protective order, or file a stipulated protective order agreed upon by the parties.

Based on the foregoing, the court enters a protective order as follows:

1. This Order applies to all disclosures, testimony, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, expert reports and exhibits thereto, documents, electronically stored information ("ESI"), tangible objects, information and other things produced, provided, or disclosed during the course of the above captioned action (the "Litigation"), as well as information copied, extracted or derived directly therefrom, including copies, excerpts, summaries, compilations, presentations or conversations (referred to collectively as "Documents and/or Information").

2. The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain Documents and Information produced or exchanged in this litigation by the parties or by any nonparties, to prevent the waiver of applicable evidentiary privileges and doctrines, and to comply with all applicable state and federal regulations.

3. A producing party may designate any Documents or Information "CONFIDENTIAL" that in its good faith judgment contain Protected Health Information ("PHI"), as defined by the Health Information Portability and Accountability Act, or other healthcare records or information.

4. Documents or Information that contain PHI must be conspicuously marked "CONFIDENTIAL PROTECTED HEALTH INFORMATION." The designation "Confidential

Protected Health Information" shall be applied prior to or at the time the Information or Documents are produced or disclosed and the physical media on which such Documents and Information is produced shall identify that it contains PHI. Where a party reasonably believes a produced document contains PHI, but it has not been marked as this paragraph mandates, the party must notify the producing party so the document may be appropriately reproduced and marked as set forth in this paragraph. Documents and Information designated as CONFIDENTIAL or CONFIDENTIAL PROTECTED HEALTH INFORMATION are collectively referred to in this Order as "Confidential Material."

5. In addition to the requirements set forth in paragraph 4, Confidential Material shall be designated as such by any of the following:

   a) Without interfering with the legibility of the material, conspicuously marking the word "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION" on the face of each physical page or image of the Document or Information that contains the Confidential Material;

   b) When ESI is produced that cannot itself be marked with the designation CONFIDENTIAL or CONFIDENTIAL PROTECTED HEALTH INFORMATION, the physical media on which such ESI is produced should be marked with the applicable designation. The party receiving this ESI is then responsible for affixing the applicable designation label to any physical copies or electronic images that it creates; or

   c) employing any other reasonable method to which the parties agree.

6. Except as otherwise permitted by this Order or required by law, Confidential Material may only be used for this Litigation and any appeal between these parties and for no other purpose. Under no circumstance may any Confidential Material and/or any information learned or contained in any such material be used for any business, competitive or non-Litigation purpose.

7. The parties and counsel for the parties shall not disclose or permit the disclosure of Confidential Material to any other person or entity except as set forth below. Subject to this

3

Order, the following categories of persons/entities are permitted to review and receive Confidential Material:

    a) Parties to the Litigation, including, as to Defendants, Defendants' employees and the former directors, officers, and employees of the Defendants necessary to the proceedings in the Litigation;

    b) In-house counsel and outside counsel of record for the parties and their respective current employees and agents of counsel who have responsibility for the Litigation;

    c) Experts and consultants of the parties (and the employees of those experts and consultants) retained or consulted by any counsel of record for the sole purpose of assisting in the Litigation;

    d) E-discovery vendors, duplicating, photocopying and document coding vendors and consultants assisting in the Litigation;

    e) The Court and Court employees, court reporters, video operators, and stenographers involved in this Litigation;

    f) Any person indicated on the face of a document—or an accompanying cover letter, email, or other communication—to be the author, addressee, or a copy recipient of the document;

    g) In the case of meeting or teleconference minutes, an attendee of the meeting or participant in the teleconference;

    h) Any deponent in the course of a deposition in this Litigation;

    i) Any law enforcement personnel, including but not limited to personnel at the United States Department of Justice and the United States Department of Health and Human Services; and

    j) Other persons only by written consent of Defendants or upon order of the Court and on such conditions as may be agreed or ordered.

8. Confidential Material shall not be disclosed to any person referred to in Subparagraphs 7(c), 7(h), and 7(j) unless that person/entity has read and executed Exhibit A, which confirms

his/her agreement to be bound by this Order.  Counsel must ensure that all personnel referred to in Subparagraphs 7(c) and 7(i) are familiar with this Order.  Counsel must also instruct those personnel referred to in Subparagraph 7(c) that they are bound by this Order, and those personnel must sign the attached Nondisclosure Agreement (Exhibit A) before they are granted access to Confidential Material.  If multiple personnel from a single company or firm are to be granted access to Confidential Material, the signature of one will comply with this Order and will bind all personnel.

9. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material.  Confidential Material must be used, viewed, stored, transmitted and maintained by a receiving party in manner and location that ensures access is limited to persons authorized under this Order.

10. By reviewing Confidential Material, all persons governed by this Order agree to the jurisdiction of this Court over their person for any action that seeks to enforce this Order, or for any action for contempt that alleges violation of this Order.

11. Any nonparty from whom discovery is sought may obtain the protections of this Order by advising the parties in writing or by asserting these protections on the record during a deposition or similar proceeding.  A nonparty invoking this Order's terms will have standing to appear in this action to file motions and oppose motions, as necessary, to protect the nonparty's rights in its information.  However, a nonparty's use of the protections of this Order does not entitle that nonparty access to other Confidential Material in this case.

12. A party may designate as Confidential Material any Documents or Information in the possession of a nonparty from whom discovery is sought.  But that party must have a good-faith belief that the Documents or Information that the party seeks to designate as Confidential Material contains the party's confidential information.  Disputes over designation of third-party material as confidential shall be made according to the process outlined in paragraph 18.

13. The procedures for use of Confidential Material during any hearing or the trial in this Litigation shall be determined by the parties and the Court in advance of any hearing or trial.  At such time, several points shall be considered, including but not limited to: (a) the redacting of

Confidential Material to remove patient identifiers or other confidential information; (b) the submission of Confidential Material under seal; (c) the coding of Confidential Material to substitute a numerical or other designation for the patient's name or other confidential information; (d) the placing of any exhibits under seal; (e) the introduction of summary evidence where practicable, which may be more easily redacted; (f) the removal of all Social Security and Health Insurance Claim ("HIC") numbers associated with the names of individual patients or other individuals; and (g) the use of materials used for cross examination of witnesses who have testified concerning any subject matter reflected in a writing that has been designated as Confidential Material .

14. With respect to depositions, if PHI is used during a deposition, efforts should be made, if practicable, to conceal the identity of any patients by substituting a numerical or other designation for any patient's name or other identifying information. Any party may designate the portion of the transcript (including exhibits) that contains Confidential Material with a statement to that effect on the record during the course of the deposition. The party may so advise the reporter.  Moreover, within 14 business days after counsel's receipt of the final transcript of a deposition, counsel for a party is permitted to designate in good faith the portions of that deposition's transcript as Confidential Material by identifying the page and line numbers containing Confidential Material.  Regardless of whether a Confidential Material designation has been made, all parties shall treat all deposition transcripts as Confidential Material until the time period for designating a deposition has passed pursuant to this paragraph, unless the parties otherwise agree.

15. All Confidential Materials filed with the Court shall be redacted or filed under seal, unless the Court directs otherwise upon appropriate application by either party.  Where possible, only the confidential portions of such documents shall be redacted or filed under seal.

16. To avoid the unnecessary filing of documents under seal, counsel for the parties shall discuss, in good faith, the need to file Confidential Materials under seal.  If the parties agree that a Document or Information that has been designated as Confidential Material may be publicly filed, such filing shall not be a breach of this Order.

17. The parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of documents designated by the parties as Confidential Material.  Should the Court deny a party's request to file a particular Document or Information under seal, it will not be a breach of this Order.

18. If any party to the Litigation disputes a Confidential Material designation, the parties must first attempt in good faith to resolve the dispute without the assistance of the Court.  If the parties cannot agree upon the designation, counsel for the party objecting to the designation may file an appropriate motion with the Court seeking an order stating that the disputed designation is improper.  The party that made the Confidential Material designation has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is achieved, whether by consent or court order, all parties shall treat the designated material as Confidential Material.

19. Nothing in this Order prevents any person or entity from using or disclosing its own documents or information in this Litigation.

20. Compliance with this Order shall not operate as an admission that any particular document is or is not confidential, privileged, or admissible in evidence at trial.  Furthermore, nothing in this Order shall constitute a waiver by any party of the right to challenge the admissibility of any Document or Information that has been produced pursuant to this Order.

21. Unless otherwise agreed by the parties or ordered by the Court, this Order shall remain in force after the entry of the final order by the Court not subject to further appeal. Furthermore, the parties and any persons who produce or receive Confidential Material pursuant to this Order, consent to and shall be subject to this Court's jurisdiction in any proceeding relating to performance under, compliance with, or violation of this Order.

22. Sixty (60) calendar days after the conclusion of all proceedings in this Litigation, including any appeals, all originals or copies of Confidential Material shall be returned to counsel for the producing party, along with a certification that all materials required to be returned have been returned to the producing party.  This provision applies to Documents and Information in both paper and electronic format.  With respect to produced ESI designated as Confidential

Material, persons or entities in possession of such information shall make reasonable efforts to remove such information from their active systems and hardware, including email boxes, email servers, active document management systems, and litigation support databases.

Alternatively, any receiving party may, at its option and cost, destroy such materials in a secure manner that ensures confidentiality and renders the information no longer recognizable. If a party chooses to securely destroy documents, within seventy-five (75) calendar days following the conclusion of all proceedings in this Litigation, the destroying party must certify in writing to the producing party that all Confidential Material has been destroyed.

Notwithstanding this provision, at the conclusion of all proceedings in this Litigation, a receiving party shall not be required to delete information that may reside on their respective electronic disaster recovery systems; however, any Confidential Material are subject to an ongoing obligation to protect the confidentiality of the material.  To the extent Confidential Material from such electronic disaster recovery system has been restored in the normal course of business, however, such Confidential Information shall be destroyed as set forth in this paragraph.

Despite the provisions of this paragraph, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material, provided the Documents and Information are treated as confidential under this Order and viewed only by the attorneys and their employees and not by the parties themselves or any other individual or entity, unless ordered otherwise by this Court.

Moreover, this Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this Order prohibits or interferes with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

For purposes of this Order, "termination of this Litigation" or the "conclusion of all proceedings" shall occur upon full settlement of all issues involved in the matter or the exhaustion of all appeals.

/////

23. If any person or entity possessing Confidential Material receives from any person or entity that is not a party to this Order a subpoena or other process (collectively, "Subpoena") that seeks production or other disclosure of Confidential Material, then at least seven (7) business days prior to the response date, the receiving person or entity must contact counsel for the party who produced or designated the material as Confidential Material and identify the material sought and provide a copy of the Subpoena. The party opposing production of the material sought by the Subpoena may object to a production request on the basis of this Order; if a party does object, that party will be responsible for opposing the production sought by the Subpoena. Where an objection is timely communicated to the party receiving the Subpoena, no Confidential Material shall be produced in response to the Subpoena until the dispute over production is resolved either by court order or agreement.

24. This Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

25. Nothing in this Order precludes the parties from entering a subsequent protective order regarding documents to be filed with the Court under seal.

26. The production (whether inadvertent or not) of any document, tangible thing, information or other material covered by the work product doctrine and/or the attorney-client, common interest or other applicable evidentiary privilege that would entitle a party to withhold documents, tangible things, information or other material from production shall not constitute a waiver or impairment of any claim of privilege (including the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege) concerning any such documents, tangible things, information or other material or the subject matter thereof.

If production occurs, upon receiving notice from the producing party that allegedly privileged material has been produced, the material and any copies or summaries must be returned to the producing party as soon as practicable after receipt of such notice. In the case of ESI, all electronic copies and the original production media shall be destroyed or "wiped," as soon as practicable after such notice. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the

9

1 producing party or non-party before the Court or an appellate court; provided, however, that if the
2 producing party has made a demand for the return as set forth above, the basis of such challenge
3 shall not include an argument that the producing party waived privilege or protection by
4 inadvertent production.

5      In the event the receiving party challenges the producing party's privilege designation, the
6 challenging and designating party shall attempt to resolve any challenges in good faith prior to
7 filing a motion with the Court. The allegedly privileged material in dispute shall be treated as
8 privileged until the parties either agree or the Court issues an order to the contrary.

9      27. The production of any documents without the designation "Confidential Material"
10 when it should have been designated as such shall not be deemed a waiver of the right to
11 designate such materials as confidential in accordance with this Order.

12      28. If any person or party subject to this Order violates or threatens to violate any term or
13 condition of this Order, the party whose interests in confidentiality are at risk may apply to the
14 Court for relief under the Federal Rules of Civil Procedure and the Local Rules of the United
15 States District Court for the Eastern District of California.

16      It is so ORDERED.

17 Dated: September 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

## Exhibit A

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, ex rel. DOUGLAS DALITZ and RANDY GRAY,<br><br>Plaintiffs,<br><br>v.<br><br>AMSURG CORP.; GASTEROENTEROLOGY ASSOCIATES ENDOSCOPY CENTER, L.L.C.; REDDING GASTROENTEROLOGY, L.L.C. d/b/a REDDING ENDOSCOPY CENTER; GADDAM NARESH REDDY, M.D.; PIYUSH KUMAR DHANUKA, M.D.; AND NICHOLAS NAMIHAS, M.D.,<br><br>Defendants. | No. 2:12-cv-2218-TLN-CKD<br><br>Judge Carolyn K. Delaney |

### NON DISCLOSURE AGREEMENT

I hereby certify that I have read and am familiar with the terms and conditions contained in the Protective Order entered by the Court on the _____ day of _____, 2015, in the above captioned case, and agree to be bound by the terms and conditions thereof.

_____
Name (print or type)

_____
Company (if not a party)

11

_____

Position/Title (if not a party)

_____

Date

_____

Signature

11.dalitz2218.protectiveorder