1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOUGLAS DALITZ, et al.,                    No.  2:12-cv-2218-TLN-CKD

12              Plaintiffs,

13        v.                                    ORDER

14   AMSURG CORP., et al.,

15              Defendants.

16

17        Plaintiffs Douglas Dalitz's and Randy Gray's ("relator plaintiffs") motion to compel, ECF

18   No. 64, and defendants' motion for protective order, ECF No. 65, came on regularly for hearing

19   on November 18, 2015.  Gary Callahan and Tatiana Filippova appeared for plaintiffs.  Brian

20   Roark and Robert Swanson appeared for defendants.  Upon review of the documents in support of

21   each motion, no opposition having been filed with regard to either, upon hearing the arguments of

22   counsel, upon review of the joint statements regarding the parties' discovery disagreements, and

23   good cause appearing therefor, THE COURT ORDERS that defendants' motion for protective

24   order, ECF No. 65, is granted, defendants' proposed protective order attached as Exhibit H to the

25   parties' joint statement regarding defendants' motion for protective order, ECF No. 67-2, is

26   approved and adopted as set forth below, and the relator plaintiffs' motion to compel, ECF No.

27   64, is denied.

28   /////

1

1    Based on the foregoing, the court enters a protective order as follows:

2    1. This Order applies to all disclosures, testimony, affidavits and declarations and exhibits

3 thereto, deposition testimony and exhibits, discovery responses, expert reports and exhibits

4 thereto, documents, electronically stored information ("ESI"), tangible objects, information and

5 other things produced, provided, or disclosed during the course of the above captioned action (the

6 "Litigation"), as well as information copied, extracted or derived directly therefrom, including

7 copies, excerpts, summaries, compilations, presentations or conversations (referred to collectively

8 as "Documents and/or Information").

9    2. The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of

10 discovery proceedings, to preserve and maintain the confidentiality of certain Documents and

11 Information produced or exchanged in this litigation by the parties or by any nonparties, to

12 prevent the waiver of applicable evidentiary privileges and doctrines, and to comply with all

13 applicable state and federal regulations.

14    3. A producing party may designate any Documents or Information "CONFIDENTIAL"

15 that in its good faith judgment contain Protected Health Information ("PHI"), as defined by the

16 Health Information Portability and Accountability Act, or other healthcare records or information.

17 Aside from PHI marking, a producing party may designate as "CONFIDENTIAL" only

18 Documents or Information that qualify for protection under Federal Rule of Civil Procedure

19 26(c), consisting in this case of confidential and proprietary financial information, operational

20 documents containing proprietary information, clinical quality documentation, or documents that

21 contain private information of employees or potential hires.

22    4. Documents or Information that contain PHI must be conspicuously marked

23 "CONFIDENTIAL PROTECTED HEALTH INFORMATION." The designation "Confidential

24 Protected Health Information" shall be applied prior to or at the time the Information or

25 Documents are produced or disclosed and the physical media on which such Documents and

26 Information is produced shall identify that it contains PHI. Where a party reasonably believes a

27 produced document contains PHI, but it has not been marked as this paragraph mandates, the

28 party must notify the producing party so the document may be appropriately reproduced and

1    marked as set forth in this paragraph. Documents and Information designated as

2    CONFIDENTIAL or CONFIDENTIAL PROTECTED HEALTH INFORMATION are

3    collectively referred to in this Order as "Confidential Material."

4         5. In addition to the requirements set forth in paragraph 4, Confidential Material shall be

5    designated as such by any of the following:

6         a) Without interfering with the legibility of the material, conspicuously marking the word

7         "CONFIDENTIAL" or "CONFIDENTIAL PROTECTED HEALTH INFORMATION"

8         on the face of each physical page or image of the Document or Information that contains

9         the Confidential Material;

10        b) When ESI is produced that cannot itself be marked with the designation

11        CONFIDENTIAL or CONFIDENTIAL PROTECTED HEALTH INFORMATION, the

12        physical media on which such ESI is produced should be marked with the applicable

13        designation. The party receiving this ESI is then responsible for affixing the applicable

14        designation label to any physical copies or electronic images that it creates; or

15        c) employing any other reasonable method to which the parties agree.

16        6. Except as otherwise permitted by this Order or required by law, Confidential Material

17   may only be used for this Litigation and any appeal between these parties and for no other

18   purpose. Under no circumstance may any Confidential Material and/or any information learned or

19   contained in any such material be used for any business, competitive or non-Litigation purpose.

20        7. The parties and counsel for the parties shall not disclose or permit the disclosure of

21   Confidential Material to any other person or entity except as set forth below. Subject to this

22   Order, the following categories of persons/entities are permitted to review and receive

23   Confidential Material:

24        a) Parties to the Litigation, including, as to Defendants, Defendants' employees and the

25        former directors, officers, and employees of the Defendants necessary to the proceedings

26        in the Litigation;

27        b) In-house counsel and outside counsel of record for the parties and their respective

28        current employees and agents of counsel who have responsibility for the Litigation;

3

1        c) Experts and consultants of the parties (and the employees of those experts and

2        consultants) retained or consulted by any counsel of record for the sole purpose of

3        assisting in the Litigation;

4        d) E-discovery vendors, duplicating, photocopying and document coding vendors and

5        consultants assisting in the Litigation;

6        e) The Court and Court employees, court reporters, video operators, and stenographers

7        involved in this Litigation;

8        f) Any person indicated on the face of a document—or an accompanying cover letter,

9        email, or other communication—to be the author, addressee, or a copy recipient of the

10        document;

11        g) In the case of meeting or teleconference minutes, an attendee of the meeting or

12        participant in the teleconference;

13        h) Any deponent in the course of a deposition in this Litigation;

14        i) Any law enforcement personnel, including but not limited to personnel at the United

15        States Department of Justice and the United States Department of Health and Human

16        Services; and

17        j) Other persons only by written consent of Defendants or upon order of the Court and on

18        such conditions as may be agreed or ordered.

19        8. Confidential Material shall not be disclosed to any person referred to in Subparagraphs

20  7(c), 7(h), and 7(j) unless that person/entity has read and executed Exhibit A, which confirms

21  his/her agreement to be bound by this Order. Counsel must ensure that all personnel referred to in

22  Subparagraphs 7(c) and 7(i) are familiar with this Order. Counsel must also instruct those

23  personnel referred to in Subparagraph 7(c) that they are bound by this Order, and those personnel

24  must sign the attached Nondisclosure Agreement (Exhibit A) before they are granted access to

25  Confidential Material. If multiple personnel from a single company or firm are to be granted

26  access to Confidential Material, the signature of one will comply with this Order and will bind all

27  personnel.

28  /////

9. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material. Confidential Material must be used, viewed, stored, transmitted and maintained by a receiving party in manner and location that ensures access is limited to persons authorized under this Order.

10. By reviewing Confidential Material, all persons governed by this Order agree to the jurisdiction of this Court over their person for any action that seeks to enforce this Order, or for any action for contempt that alleges violation of this Order.

11. Any nonparty from whom discovery is sought may obtain the protections of this Order by advising the parties in writing or by asserting these protections on the record during a deposition or similar proceeding. A nonparty invoking this Order's terms will have standing to appear in this action to file motions and oppose motions, as necessary, to protect the nonparty's rights in its information.  However, a nonparty's use of the protections of this Order does not entitle that nonparty access to other Confidential Material in this case.

12. A party may designate as Confidential Material any Documents or Information in the possession of a nonparty from whom discovery is sought.  But that party must have a good-faith belief that the Documents or Information that the party seeks to designate as Confidential Material contains the party's confidential information. Disputes over designation of third-party material as confidential shall be made according to the process outlined in paragraph 18.

13. The procedures for use of Confidential Material during any hearing or the trial in this Litigation shall be determined by the parties and the Court in advance of any hearing or trial. At such time, several points shall be considered, including but not limited to: (a) the redacting of Confidential Material to remove patient identifiers or other confidential information; (b) the submission of Confidential Material under seal; (c) the coding of Confidential Material to substitute a numerical or other designation for the patient's name or other confidential information; (d) the placing of any exhibits under seal; (e) the introduction of summary evidence where practicable, which may be more easily redacted; (f) the removal of all Social Security and Health Insurance Claim ("HIC") numbers associated with the names of individual patients or other individuals; and (g) the use of materials used for cross examination of witnesses who have

1    testified concerning any subject matter reflected in a writing that has been designated as

2    Confidential Material.

3         14. With respect to depositions, if PHI is used during a deposition, efforts should be made,

4    if practicable, to conceal the identity of any patients by substituting a numerical or other

5    designation for any patient's name or other identifying information. Any party may designate the

6    portion of the transcript (including exhibits) that contains Confidential Material with a statement

7    to that effect on the record during the course of the deposition. The party may so advise the

8    reporter. Moreover, within 14 business days after counsel's receipt of the final transcript of a

9    deposition, counsel for a party is permitted to designate in good faith the portions of that

10   deposition's transcript as Confidential Material by identifying the page and line numbers

11   containing Confidential Material.  Regardless of whether a Confidential Material designation has

12   been made, all parties shall treat all deposition transcripts as Confidential Material until the time

13   period for designating a deposition has passed pursuant to this paragraph, unless the parties

14   otherwise agree.

15        15. All Confidential Materials filed with the Court shall be redacted or filed under seal,

16   unless the Court directs otherwise upon appropriate application by either party. Where possible,

17   only the confidential portions of such documents shall be redacted or filed under seal.

18        16. To avoid the unnecessary filing of documents under seal, counsel for the parties shall

19   discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree that a

20   Document or Information that has been designated as Confidential Material may be publicly filed,

21   such filing shall not be a breach of this Order.

22        17. The parties agree that the Court is ultimately responsible for determining whether

23   there is sufficient justification for the non-public filing of documents designated by the parties as

24   Confidential Material. Should the Court deny a party's request to file a particular Document or

25   Information under seal, it will not be a breach of this Order.

26        18. If any party to the Litigation disputes a Confidential Material designation, the parties

27   must first attempt in good faith to resolve the dispute without the assistance of the Court. If the

28   parties cannot agree upon the designation, counsel for the party objecting to the designation may

1  file an appropriate motion with the Court seeking an order stating that the disputed designation is

2  improper. The party that made the Confidential Material designation has the burden to

3  demonstrate that its designation is proper. Until a final resolution of the dispute is achieved,

4  whether by consent or court order, all parties shall treat the designated material as Confidential

5  Material.

6       19. Nothing in this Order prevents any person or entity from using or disclosing its own

7  documents or information in this Litigation.

8       20. Compliance with this Order shall not operate as an admission that any particular

9  document is or is not confidential, privileged, or admissible in evidence at trial. Furthermore,

10  nothing in this Order shall constitute a waiver by any party of the right to challenge the

11  admissibility of any Document or Information that has been produced pursuant to this Order.

12       21. Unless otherwise agreed by the parties or ordered by the Court, this Order shall remain

13  in force after the entry of the final order by the Court not subject to further appeal. Furthermore,

14  the parties and any persons who produce or receive Confidential Material pursuant to this Order,

15  consent to and shall be subject to this Court's jurisdiction in any proceeding relating to

16  performance under, compliance with, or violation of this Order.

17       22. Sixty (60) calendar days after the conclusion of all proceedings in this Litigation,

18  including any appeals, all originals or copies of Confidential Material shall be returned to counsel

19  for the producing party, along with a certification that all materials required to be returned have

20  been returned to the producing party. This provision applies to Documents and Information in

21  both paper and electronic format. With respect to produced ESI designated as Confidential

22  Material, persons or entities in possession of such information shall make reasonable efforts to

23  remove such information from their active systems and hardware, including email boxes, email

24  servers, active document management systems, and litigation support databases.

25       Alternatively, any receiving party may, at its option and cost, destroy such materials in a

26  secure manner that ensures confidentiality and renders the information no longer recognizable. If

27  a party chooses to securely destroy documents, within seventy-five (75) calendar days following

28  the conclusion of all proceedings in this Litigation, the destroying party must certify in writing to

1    the producing party that all Confidential Material has been destroyed.

2          Notwithstanding this provision, at the conclusion of all proceedings in this Litigation, a

3    receiving party shall not be required to delete information that may reside on their respective

4    electronic disaster recovery systems; however, any Confidential Material are subject to an

5    ongoing obligation to protect the confidentiality of the material. To the extent Confidential

6    Material from such electronic disaster recovery system has been restored in the normal course of

7    business, however, such Confidential Information shall be destroyed as set forth in this paragraph.

8          Despite the provisions of this paragraph, counsel of record may keep for archival purposes

9    copies of all deposition transcripts, court filings, and attorney work product that contains or

10   explicitly references Confidential Material, provided the Documents and Information are treated

11   as confidential under this Order and viewed only by the attorneys and their employees and not by

12   the parties themselves or any other individual or entity, unless ordered otherwise by this Court.

13         Moreover, this Order shall not be interpreted in a manner that would violate any

14   applicable canons of ethics or codes of professional responsibility. Nothing in this Order prohibits

15   or interferes with the ability of counsel for any party, or of experts specially retained for this case,

16   to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in

17   connection with any other matters.

18         For purposes of this Order, "termination of this Litigation" or the "conclusion of all

19   proceedings" shall occur upon full settlement of all issues involved in the matter or the exhaustion

20   of all appeals.

21         23. If any person or entity possessing Confidential Material receives from any person or

22   entity that is not a party to this Order a subpoena or other process (collectively, "Subpoena") that

23   seeks production or other disclosure of Confidential Material, then at least seven (7) business

24   days prior to the response date, the receiving person or entity must contact counsel for the party

25   who produced or designated the material as Confidential Material and identify the material sought

26   and provide a copy of the Subpoena. The party opposing production of the material sought by the

27   Subpoena may object to a production request on the basis of this Order; if a party does object, that

28   party will be responsible for opposing the production sought by the Subpoena. Where an

1    objection is timely communicated to the party receiving the Subpoena, no Confidential Material

2    shall be produced in response to the Subpoena until the dispute over production is resolved either

3    by court order or agreement.

4        24. This Order may be modified or amended by order of the Court for good cause shown

5    or by agreement of the parties.

6        25. Nothing in this Order precludes the parties from entering a subsequent protective order

7    regarding documents to be filed with the Court under seal.

8        26. The production (whether inadvertent or not) of any document, tangible thing,

9    information or other material covered by the work product doctrine and/or the attorney-client,

10   common interest or other applicable evidentiary privilege that would entitle a party to withhold

11   documents, tangible things, information or other material from production shall not constitute a

12   waiver or impairment of any claim of privilege (including the attorney-client privilege, work

13   product doctrine, common interest privilege, and/or any other applicable privilege) concerning

14   any such documents, tangible things, information or other material or the subject matter thereof.

15       If production occurs, upon receiving notice from the producing party that allegedly

16   privileged material has been produced, the material and any copies or summaries must be

17   returned to the producing party as soon as practicable after receipt of such notice. In the case of

18   ESI, all electronic copies and the original production media shall be destroyed or "wiped," as

19   soon as practicable after such notice. Return of the allegedly privileged information in no way

20   prejudices or impairs the returning party's rights to challenge the privilege contention of the

21   producing party or non-party before the Court or an appellate court; provided, however, that if the

22   producing party has made a demand for the return as set forth above, the basis of such challenge

23   shall not include an argument that the producing party waived privilege or protection by

24   inadvertent production.

25       In the event the receiving party challenges the producing party's privilege designation, the

26   challenging and designating party shall attempt to resolve any challenges in good faith prior to

27   filing a motion with the Court. The allegedly privileged material in dispute shall be treated as

28   privileged until the parties either agree or the Court issues an order to the contrary.

9

1        27. The production of any documents without the designation "Confidential Material"

2    when it should have been designated as such shall not be deemed a waiver of the right to

3    designate such materials as confidential in accordance with this Order.

4        28. If any person or party subject to this Order violates or threatens to violate any term or

5    condition of this Order, the party whose interests in confidentiality are at risk may apply to the

6    Court for relief under the Federal Rules of Civil Procedure and the Local Rules of the United

7    States District Court for the Eastern District of California.

8        IT IS SO ORDERED.

9    Dated:  November 18, 2015

10   _____
     CAROLYN K. DELANEY

11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**Exhibit A**

4

5

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

6

7

8 | **UNITED STATES OF AMERICA and** | **No. 2:12-cv-2218-TLN-CKD**
**the STATE OF CALIFORNIA, ex rel.**

9 | **DOUGLAS DALITZ and RANDY**
**GRAY,**

10 | | **Judge Carolyn K. Delaney**

**Plaintiffs,**

11

**v.**

12

**AMSURG CORP.;**

13 | **GASTEROENTEROLOGY**
**ASSOCIATES ENDOSCOPY CENTER,**

14 | **L.L.C.; REDDING**
**GASTROENTEROLOGY, L.L.C. d/b/a**

15 | **REDDING ENDOSCOPY CENTER;**
**GADDAM NARESH REDDY, M.D.;**

16 | **PIYUSH KUMAR DHANUKA, M.D.;**
**AND NICHOLAS NAMIHAS, M.D.,**

17

**Defendants.**

18

19

**NON DISCLOSURE AGREEMENT**

20

I hereby certify that I have read and am familiar with the terms and conditions contained

21

in the Protective Order entered by the Court on the _____ day of _____, 2015, in the above

22

captioned case, and agree to be bound by the terms and conditions thereof.

23

24 | _____

Name (print or type)

25

26 | _____

Company (if not a party)

27

28 | _____

11

1

2

3

4

5

6

7

8      11.dalitz2218.protectiveorder(#2)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Position/Title (if not a party)

_____

Date

_____

Signature